Slip Op. 11-28

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| FIVE RIVERS ELECTRONICS INNOVATION, LLC, | |
| Plaintiff, | Before: Leo M. Gordon, Judge |
| v. | Court No. 10-00201 |
| UNITED STATES, | |
| Defendant. | |

**OPINION**

[Defendant's motion to dismiss granted.]

Dated: March 14, 2011

Kelley Drye & Warren, LLP (Mary T. Staley, Grace W. Kim, Laurence J. Lasoff) for Plaintiff Five Rivers Electronics Innovation, LLC.

Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (David S. Silverbrand); and Office of Assistant Chief Counsel, U.S. Customs and Border Protection (Andrew G. Jones), of counsel, for Defendant United States.

Gordon, Judge: Plaintiff challenges a decision by U.S. Customs and Border Protection ("Customs") denying Plaintiff an offset distribution for fiscal year 2009 under the Continued Dumping and Subsidy Offset Act of 2000, Section 754 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1675c (2000)[1] ("CDSOA"), repealed by the Deficit Reduction Act of 2005, Pub. L. No. 109-171, Title VII, Subtitle F § 7601(a), 120 Stat.

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions in Title 19 of the U.S. Code, 2000 edition.

154 (2005). Defendant has moved to dismiss Plaintiff's complaint pursuant to USCIT Rule 12(b)(5).

## Background

The CDSOA directs that duties assessed pursuant to an antidumping duty order be distributed on an annual basis to the "affected domestic producers [ADPs] for qualifying expenditures." 19 U.S.C. § 1675c(a) (emphasis added). On May 29, 2009, Customs issued a notice of intent to distribute duties collected during fiscal year 2009 on color television receivers from China. Distribution of Continued Dumping and Subsidy Offset to Affected Domestic Producers ("Distribution Notice"), 74 Fed. Reg. 25,814 (U.S. Customs and Border Protection May 29, 2009). On July 23, 2009, Five Rivers filed a certification of qualified expenses in response to the Distribution Notice, seeking a share of the CDSOA distributions for the 2009 fiscal year. Customs denied Five Rivers' certification because Five Rivers did not produce the color television receivers during fiscal year 2009. On September 17, 2009, Five Rivers filed a request for reconsideration. Customs denied the request for reconsideration because Five Rivers had ceased production of the subject receivers, and therefore, under the statute and the applicable regulation, did not qualify as an ADP.

## Standard of Review

When deciding a USCIT Rule 12(b)(5) motion to dismiss for failure to state a claim upon which relief can be granted, the court assumes all factual allegations to be true and draws all reasonable inferences in plaintiff's favor. Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583-84 & n.13 (Fed. Cir. 1993). Plaintiff's factual allegations, however, must be "enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[T]o raise a right to relief above the speculative level," a complaint must allege "enough factual matter (taken as true)" by making allegations "plausibly suggesting (not merely consistent with)" a valid claim. Id. at 556. Also, when reviewing Customs' regulations interpreting the CDSOA, the court applies the two-step framework provided in Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-45 (1984). See, e.g., Candle Corp. of Am. v. Int'l Trade Comm'n, 374 F.3d 1087, 1093 (2004).

## Discussion

The CDSOA defines an ADP as "any manufacturer, producer, farmer, rancher, or worker representative (including associations of such persons) that (A) was a petitioner or interested party in support of the petition with respect to which an antidumping duty order . . . has been entered, and (B) remains in operation." 19 U.S.C. § 1675c(b)(1). The statute further provides that "[c]ompanies, businesses, or persons that have ceased the production of the product covered by the order or finding  . . . shall not be an [ADP]." Id. (emphasis added). Customs, in turn, has further clarified this statutory production requirement: "Product no longer produced. A company, business or person that has ceased production of the product covered by the antidumping duty order or finding, or countervailing duty order, i.e., did not manufacture that product at all during the fiscal year that is the subject of the disbursement, is not an [ADP] under this section." 19 C.F.R. § 159.61(b)(2)(i) (emphasis added).

There is no dispute that Plaintiff had ceased production and did not manufacture color television receivers at all during fiscal year 2009. It is therefore difficult to imagine

how Plaintiff could possibly qualify as an ADP under the CDSOA.  Undaunted, Plaintiff

challenges the validity of Customs regulation, arguing that

> it is untenable that a producer who 'remains in operation' . . . was not able
> to obtain a CDSOA disbursement simply because it was forced to cease
> production, especially when it did so because of the continued dumping of
> subject imports.  To force a company that has been injured by the dumped
> imports to continue to produce subject product especially in the face of
> continued dumping and other harsh economic conditions, not only defies
> logic but is contrary to the purpose behind the law, and could certainly not
> have been Congress' intent.

Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss at 8, ECF 18.

With all due respect for Plaintiff's particular plight, these arguments ignore the

plain language of the CDSOA, which excludes from ADPs those domestic producers

that have "ceased production," 19 U.S.C. § 1675c(b)(1)(B), and which plainly and

unambiguously <u>forces</u> a company to continue to produce the subject product if that

company wants CDSOA distributions.  Part of Plaintiff's problem is that Plaintiff

incorrectly assumes that the primary purpose of the CDSOA is to benefit all domestic

producers without qualification.  Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss at 8.  That

is simply not the case.  The CDSOA has a much more limited pool of beneficiaries than

all domestic producers.  Congress placed specific conditions on who could qualify as an

ADP, excluding those domestic producers that had "ceased production."  19 U.S.C. §

1675c(b)(1)(B).  In so doing, Congress explicitly favored domestic producers who

remain in production over those, like Plaintiff, that have not.  Plaintiff unfortunately

"ceased production."  The statute therefore mandates that Plaintiff may not qualify as an

ADP.  Much as Plaintiff would like, the court cannot rewrite the statute and eliminate the

production requirement.

With that said, Customs' additional regulatory clarification that an affected domestic producer must have been manufacturing the product "during the fiscal year that is the subject of the disbursement," 19 C.F.R. § 159.61(b)(2)(i), is not, as Plaintiff contends, an impermissible, gap-filling construction of the CDSOA, but rather a straightforward implementation of the Congressional requirement that ADPs not have "ceased production." At the time of the application for CDSOA distributions, prospective ADPs must certify, among other things, that they "remain in operation and continue to produce the product covered by the particular order." 19 C.F.R. 159.63(b)(3)(iii). If they do, then they may qualify as ADPs, if they do not, they cannot qualify because they have "ceased production." 19 U.S.C. § 1675c(b)(1)(B). It is simply not enough that Plaintiff "'remained in operation' . . . and maintains the capacity to sell the subject merchandise." Compl. ¶ 24, ECF 4. By ceasing production Plaintiff disqualified itself as an ADP. Customs' denial of Plaintiff's CDSOA distribution was therefore correct, and Plaintiff cannot prevail in this action.

## Conclusion

For the foregoing reasons, Plaintiff's complaint fails to state a claim upon which relief can be granted. Accordingly, the court will enter judgment granting Defendant's motion to dismiss and dismiss this action.

_____/s/ Leo M. Gordon_____
Judge Leo M. Gordon

Dated: March 14, 2011
      New York, New York